**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| V. | * | Cr. No. MJM-26-079 |
| ORLANDO COLEMAN | * | |
| Defendant | * | |
| For: ORLANDO COLEMAN | * | |

**DEFENDANT'S OPPOSITION TO MOTION EXCLUDE TIME**

Defendant, Orlando Coleman, by his undersigned counsel, hereby files this opposition to the Government's motion to exclude time and respectfully requests that the motion be denied and as grounds states[1]:

**INTRODUCTION**

On July 30, 2025, Orlando Coleman was arrested following a traffic stop in Anne Arundel County based on a pending arrest warrant. That same day, a key in his possession was seized and then used to enter a storage unit believed to be used by Coleman. In the unit, authorities claim to have seized drugs and two weapons. A contemporaneous search of Coleman's residence is claimed to have uncovered similar items. Following his arrest, he was detained by the State Court and was held by the State until his transfer to federal custody for his initial appearance on March 13, 2026. The

---

[1] Undersigned counsel appreciates that speedy trial exclusions are routinely filed and granted in this court. The vast majority of those exclusions are with the consent of the defendant, either because time is needed for pretrial motions, pretrial discovery review, actual plea discussions or the multitude of co-defendants. None of those grounds apply in this case.

Government moved for detention and Coleman remains detained in federal court.[2]    As of this filing, he has been detained pretrial for over seven months with no trial date set.

Coleman was indicted in a six count indictment on February 26, 2026.   ECF 8.   He is the only defendant.    Although the indictment brings six charges, they are all related and all occurred on the same day - July 30, 2025.   Counts one through three concern a search of his residence and allege possession with intent to distribute cocaine, possession of a weapon by a prohibited person and possession of the weapon in relation to the drug offense.   Counts four through six make the same charges, but in relation to the storage unit, also on July 30, 2025.   The case, to say the least, is not factually complex.

The Government has moved for exclusion of time under the Speedy Trial Act, 18 U.S.C. sec. 3161, (STA) seeking exclusion from March 13 to May 12, 2026, sixty days in total.   For the reasons stated below, the STA exclusion suggested by the Government does not apply here and there is nothing about this case that would prevent it from being tried within the proper limits of the STA.

## ARGUMENT

Section 3161(c)(1) states clearly that a defendant's trial "shall commence" within 70 days of his initial appearance on his indictment.   Coleman's initial appearance was on March 13, 2026, and the seventy days runs out on May 22, 2026.   Rather than try the case within the statutory requirement, the Government requests a 60 hold on the running of the seventy days, from March 13 to May 12, 2026, essentially starting the speedy trial clock anew two months hence. If the Government's request is granted, the result is that Mr. Coleman sits in pretrial detention at the Chesapeake Detention Center for 60 more

---

[2]    Based in large part on the nature of the offenses and potential mandatory minimum sentences, the defendant has agreed to detention without a hearing.

days before the STA clock even starts.    Because the lone exception cited by the Government under 18 U.S.C. sec. 3161(h)(7)(A) does not apply here, that request should be denied.[3]

Section 3161(h)(7)(A) permits an STA exclusion where a Court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."    Section 3161(h)(7)(b) provides guidance on how to evaluate the rather vague requirement of "best interest" in the public and defendant. This exception, however, is not unrestricted: "This provision gives the district court discretion--within limits and subject to specific procedures--to accommodate limited delays for case-specific needs." *Zedner v. United States*, 547 US 489, 499 (2006) (emphasis added).    And the Court must "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."    *Id.*    The Government proposes three case-specific grounds for its requested exclusion; none of them apply to this case to support such a required finding by this Court.[4]

A.    No extra time is needed for the defense to review discovery

First, the Government says the exclusion is needed "for the review of discovery" ECF 13, at 6, repeated at p. 7.    It should be obvious that the only person who could need time to review the discovery is defense counsel.    It is not the Government's purview to assess how long it will take defense counsel to do his job.

---

[3]    None of the exceptions under section 3161(h)(1)-(6) apply here and the Government does not suggest otherwise.
[4]    The Government does not propose that any of the grounds in section 3161(h)(b)(1) through (iii) apply here either.

Because, at a minimum, Mr. Coleman remains detained, defense counsel will work diligently and promptly to review the discovery.

Further, the facts of this specific case do not warrant an extensive period for review - the charges concern two searches on a single day, searches of two locations, both arising from a somewhat fortuitous traffic stop on the same day.    And the charges themselves are possession charges - the intent to distribute results largely from the amount of the drug found and the possession of the guns is plain from the seizure locations.    While there may be other discovery, such as surveillance reports, this is not a conspiracy case, it does not involve extensive pole camera video review nor any wiretap results to be reviewed.    Discovery can be reviewed and assessed within the 70 day statutory requirement.

B.  Time for plea discussions is not excludable

The Government next offers that an exclusion should be granted due to the need for time to engage in plea negotiations.    Again, given the nature of the case, those negotiations will not need two extra months; indeed, no extra time is needed at all    Both parties are represented by experienced counsel who can evaluate the case and negotiate an agreement in due course if such an agreement can be reached.    Nothing about those negotiations will detract from or interrupt ongoing trial preparations.

In addition, the Fourth Circuit has recently held that because plea discussions are included in section 3161(h)(1), and only excludable while the Court considers an agreement, time for plea discussions is not excludable under another provision. Applying the Supreme Court's ruling in *Bloate v. United States*, 559 U.S. 196 (2010), the appellate court stated that "*Bloate* precludes us from automatically excluding delays that

occur before the court considers the agreement, <u>including time spent negotiating the agreement itself</u>." *United States v. Hart*, 91 4th 732, 739 (4th Cir. 2024) (emphasis added).   No STA exclusions is required or permitted in the instant case related to plea discussions.

C.    <u>With due diligence, the parties can be ready for trial by May 22, 2026</u>

Finally, the third assertion supporting the Government's request is the claimed need to prepare for trial, citing section 3161(h)(7)(iv).   But, that section does not simply permit an exclusion to allow for trial preparation; indeed, every case has a need for trial preparation.   Rather, subsection (iv) has an additional requirement - that any exclusion is only permitted where denying the exclusion "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, <u>taking into account the exercise of due diligence</u>." (emphasis added).   Surely the Government will act with due diligence, as the Court expects it would, as will the defense. Given the nature of this single defendant case and the and extent of the evidence, due diligence by both parties can readily prepare for a trial by May 22, 2026.

D.    <u>The ends of justice also preclude the exclusion sought by the Government</u>

Mr. Coleman has been in pretrial custody on these allegations since July 31, 2025. His interest is in getting the matter resolved and, if prison is in his future, to be permitted to begin serving his sentence in a Bureau of Prisons facility that is designed for long term incarceration, rather than the Chesapeake Detention Center which certainly is not.   As with any defendant, he has a right to a speedy resolution of his criminal case, whether by guilty plea or jury verdict. There is no interest of justice in having him stay in pretrial custody an extra two months.

Furthermore, the statutory speedy trial requirements concern more than an individual defendant's interests.    The Supreme Court has held that "the Act serves not only to protect defendants, but also to vindicate the public interest in the swift administration of justice."    *Bloate*, at 212.    Proper enforcement of the STA's requirements go beyond any individual case: "As both the 1974 House and Senate Reports illustrate, the Act was designed not just to benefit defendants but also to serve the public interest by, among other things, reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment."    *Zedner v. United States*,547 U.S. 489, 501 (2006).    The public interest, therefore, is also served by denying the Government's motion.

Under these circumstances, this Court ought not find that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Section 3161(h)(7)(A).    The interests of both the public and the defendant are served by a trial within the statutory limit.    The Government's motion should be denied and a trial schedule is requested consistent with the time requirements of the Speedy Trial Act.

Respectfully submitted,

_____/s/_____
Richard Bardos
Schulman, Hershfield & Gilden, P.A.
1 East Pratt Street, 9th Floor
Baltimore, Maryland 21202
(410)  332 0850
rbardos@shg-legal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th of March, 2026, a copy of the foregoing Notice was served electronically by ECF to: Office of the United States Attorney, 36 South Charles Street, Fourth Floor, Baltimore, Maryland 21201 and all defense counsel.

_____/s/_____
Richard Bardos